The next case today is United the University of Notre Dame USA in England versus TJAC Waterloo LLC at all. Appeal number 21-1558. Attorney Brianski please introduce yourself for the record and proceed with your argument. May it please the court Richard Brianski on behalf of TJAC Waterloo LLC and CVI Construction Co LLC the appellants. This was not a routine arbitration where there was a single evidentiary hearing and an award at the end. Rather, over approximately a six-year period, the expert or arbitrator in this case awarded six separate awards, with the last award being issued on March 31, 2020. Through this unique agreed-upon process, the expert first determined liability through awards number one and two, and then subsequently by an agreed-upon process identified specific, independent, and discrete issues of damage and issued awards number four through seven. Each of these awards, which he characterized as quantum awards, was independent and specifically resolved discrete issues of damage. Each award was not subject to offset or modification, but as expressed by the arbitrator, was final. And each of these awards was confirmable when it was made. In fact, with at least two of these awards, award four, which is the one that we're specifically challenging, and award five, the expert first produced essentially a draft issue of his quantum opinion and then subsequently provided everyone notice that it was final. And if you read award number four, which is part of the claim, it's not clear. Nor was there any so-called final award that came at the end of the arbitration. Rather, what Notre Dame seeks to do here, and the court confirmed, was confirm the very award that was issued more than three years ago, award number four. There is no dispute that award number four was issued on April 11, 2017, or that Notre Dame waited until May 15, 2020 to confirm the award, and therefore, it's our position that the judge committed an error by confirming the award. The district court, and I think this is significant, let me ask you, Councilor, if I can ask you, didn't the expert say, and specifically I'm quoting, noting, he noted the award was offering final views only for item one. So isn't that inconsistent with what you're saying? No, your honor, and that is correct. That's exactly what he said. What the expert did do, and what both parties asked him to do, and in fact, the judge found him to do, was to take three separate, discrete, independent issues of damage and determine them independently. So the first one was expressly for award number one, and fully and finally resolved award number one, and finally resolved a specific item of the damage. That award was never modified, it wasn't subject to offset, but was independently confirmable at the time it was issued, and in fact, never changed, and was never altered, and never sought to alter it. Council, in our prior decision, the 2017 decision, we note in the panel decision that when it's here, the parties have agreed to submit the issue of liability to the arbitrator for a distinct determination prior to a separate proceeding to assess damages. They're finding that there was an agreement to bifurcate in the way stated. Where is there an agreement of the parties that within the realm of damages that we're talking about, each of these determinations, as you described, that each of those would be treated as a separate proceeding subject to our rule of finality? Where do you find any agreement? If you look at the judge's decision itself on page five, she states the following, within the damages phase, the parties ask the expert to adjudicate multiple damages subcategories. So she found that there was an agreement to submit each of these individual subcategories to the arbitrator prior to each of these determinations. But I don't even think that's necessary. Can you just, just stepping back one step, you said that the district court found A and B, but I wasn't sure when you read from the district, read from the statement that about what the parties had asked, that it said B as opposed to just A. Okay. I'm not sure I understand. Well, you said, you just said, just quote that line again from. Sorry, it's on page five of her decision. Within the damages phase, the parties ask the expert to adjudicate multiple damages subcategories, e.g. cost, interest, and VAT. She didn't put N, it says VAT. That's period. Yeah, but how is that an agreement as to the finality of how those will then be adjudicated? There's no doubt that these were all asked to be adjudicated, but the question is whether there was an agreement about the way that they would be determined and whether the determinations would be final and how we know what was final. I guess I don't see in that sentence where it says that. Sorry, it doesn't, it doesn't state that. You're correct. And I didn't, I thought the question was, is there, was there an agreement to submit these independent damage categories to the arbitrator for a determination? And the judge found that there was an agreement to submit the categories. No, it doesn't say final adjudication, but the idea of segregating these damages and having an independent determination certainly was clear from the arbitrator's conclusions. Can I ask you, just so I understand the nature of the disputes that's underlying this, that, that led to the awards, there's, there's six different awards, right? Do they, do they, some of them pertain to the same claimed breach and some pertain to distinct breaches. Is that right? Uh, I don't think so, your honor. And, and, and let me just tell you my understanding so there's no confusion. Okay. Because I'm trying to understand, I'm trying to specifically address your question. Awards number one and two, which are not concerned on appeal deal specifically with liability. And those are minutes remaining. So those were addressed in your prior appeal. Awards, award three is a preliminary review. So that's not, and that addresses what they call cost of the work. Award four is what we're challenging. Yeah. That's cost of the work. So that's basically concrete costs associated with completing the work. So that's separate and apart from award number five, which addresses what I would call sort of other costs related to the work. Yeah, but what I'm trying to understand is the liability finding that underlies or predicates the award number four. Is that a breach? Is that, is that, is that a breach? Yeah, they were all, you're, you're correct if your question was, are the damages all related to the specific breach originally found in awards number one and two? That's correct. Okay, but is our, is, are awards one and two about different breaches? I think awards number two are about when you see different breaches. And obviously you tell me. So there was, so the reason the expert divided it up this way was to efficiently resolve a relatively complicated construction defect case. That's where it all stems from. And he originally bifurcated, the parties agreed to bifurcate liability and damages. And then because of the complexity of the damages, they further agreed to divide this up into four separate awards. You know, I get that. Maybe I'm thinking of it this way and you just tell me how this tracks onto the record here, which I'm having a little trouble getting my arms around. In a typical contract case, you might have two distinct claims of breach. Okay, count one breach of X kind, count two breach of Y kind. And then each would have its own damages. Okay. And what I'm trying to figure out here is, are there awards at issue on appeal? Do we have that type of thing in the liability finding where there are multiple claims of breach or is there just one claim of breach? In other words, how does that map on? I think you're generally correct in your assumption that there was a single breach that resulted in a series of other defects. Like each defect is not an independent breach. They found, you know, basically there was a bunch of defects, which was a breach of contract. So yes, the damages all flow from a single breach, but the way... I guess that's what's a little bit puzzling if you could just address that. Because I guess I guess the suggestion is that that is significant for purposes of the finality question. When there is a single finding of a breach, and then we've got a series of awards about that underlying single liability finding of damages, it would make sense to do it all at the end rather than seriatim. And if there's nothing clear telling us to do it seriatim, that's even more reasonable to construe it that way. That's how I understand your opponent's argument to run. If you understand it, definitely let me know. But also, what's your answer to it? Well, essentially, when they issue, it's the arbitrator's intent that we look at. Did the arbitrator intend to fully and finally adjudicate each independent separate damages? And all the cases, when I say the cases, we cited a Northern District of California case, which was right on point. We also cited a Southern District of New York case. But if you have a case in which there's an underlying finding of liability, and then multiple damages for the same basis of liability, that each damages award is then determined to be separately? When you're talking about breach that case, where they identified multiple breaches of a single contract, one, a particular breach, they were able to segregate. There was no dispute with regard to particular invoices, so the court awarded as part of its liability findings. No, just this last point, because to me, maybe it matters. If it doesn't matter, tell me it doesn't matter. But is there a case in which the simple-minded way to put it is, you have a single breach of contract liability finding, but you have multiple awards about damages related to that underlying breach in which a court has found each independent damages award is final at the time issued? I would suggest, Your Honor, the Hassung case, which is the Northern District of California case, was cited in our brief. The Echo Patrol case also was the Southern District case, which is cited in our brief, is simpler, and also the Second Circuit case that we cited. Counsel, you said there is no relationship between these different awards. Each one is independent of the other, and in that sense, they could be subject to a rule of finality. What is the relationship between four and seven? Seven talks about interest. Interest on what? It's called a value-added tax, and I'm not equipped. It's some European tax that they separately decided in an independent award. Well, are any of those interests or VAT determinations dependent at all upon the amount of damages that were found with respect to award four? In that sense, is there a relationship between seven and four? I don't know the answer to your question. It's pretty important, isn't it, to know the answer to that? Not at all, Your Honor. You've asserted that there's no relationship between these awards. If, in fact, there is a relationship between seven and four, if the amount of interest, the amount of VAT, is somehow related to the dollar amounts in four, then there's a relationship. They're not independent, are they? Just so we're clear, that's not really what I'm arguing. What I was arguing is award number four was not subject to offset, was independently confirmable when it was issued. It never changed. It never altered. In fact, if you look at the relief that Notre Dame is seeking, they're not seeking just a single award. They're seeking to enforce, independently, award number four. If what they say was true, there would be one specific award at the end of the arbitration that they would be enforcing. The relief they looked for and the relief that was granted by the district court was specific to award number four, which expressly proves my point that it was independent and confirmable at the time it was issued. I suggest to the panel that if this was flipped, meaning if Notre Dame was seeking confirmation of the award, they would have gotten it. If they moved to confirm the award when it was issued, the court would have found that it was confirmable. But because I'm challenging it in a different procedural posture, because it's defensive, the court seemed to have applied a higher standard for me and for my client. Sorry, I hope that answers your question. All right, thank you. Thank you. At this time, Attorney Benjamin, please introduce yourself on the record to begin. Good morning, and may it please the court. Nicole Benjamin on behalf of the appellee, the University of Notre Dame USA in England. The district court correctly determined that the expert's award, award number four, did not have sufficient finality for confirmation when it was made, and therefore the statute of limitations did not begin to run until award number four, at the time award number four was made, but rather when the expert's final quantum award issued. This court has consistently said that a district court is without jurisdiction to confirm an arbitral award unless it is both final and binding. In the heart surgical case, which was a three-judge panel, which I know included Judge Lopez, the court said normally an arbitral award is deemed final, provided that it evidences the arbitrator's intention to resolve all claims submitted in the demand for arbitration. In that language, all claims is important. It doesn't mean all items of damages. It means all claims, and as the questions from the court elicited earlier, there was one claim in this case, a claim for breach of contract. That is the claim that was submitted to arbitration, and the one claim for breach of contract arose out of the defects in the work that was undertaken in renovating a dormitory pursuant to the party's agreement. And as the district court recognized, that claim gave rise to what we heard earlier were multiple subcategories or components of damages. The parties and the experts all call that items of damages. That included the cost of the works that we discussed earlier, what is called preliminaries, which are the soft costs associated with carrying out those works. Once the deficiencies arose, it included management and staffing that was necessary, site costs and small tools and insurance, the cost of relocating students from that dormitory, interest, and VAT. Can I ask you a question? Suppose, and maybe there's going to be flaws in this hypothetical, but just bear with me because analytically I think it'll help me. Suppose there were two claims. Claim one was dormitory number one, and claim two was for breach with respect to dormitory number two. And then suppose there were findings by the arbitrator on liability about dormitory one, and then separate finding about liability in dormitory number two. And then suppose with respect to dormitory number two, the arbiter went on and then issued a separate damages award on that one, and at that time had not resolved damages on the dormitory number one claim. Are you saying that the fact that there was dormitory one was still open would mean that even the damages award on the claim with regard to dormitory two would not be final? Or are you saying we don't have to figure that out here because that's not this case? Well, I'm certainly saying the latter, that that is not something that is at issue in this case. But I do think your position is that whatever the answer is when you've got two separate claims, one of which has gone all the way through and is finalized, and another one's pending, this case is simply a case in which we've got a breach of contract claim, or in which all the awards of damages have not yet been finalized. That's correct, Your Honor. And then if I understand your opponent's counsel's position, he says that the Northern California case, the Second Circuit case, and there was one other that he mentioned, all suggest that there's no significance to the fact that there's one claim with multiple damages. Each damages award could independently be confirmable at the time, and they support his position. What's your response to that? So we've addressed each of those cases in our brief, and I'm happy to address them this morning. So the Hosong case that was referenced, that's the Northern District of California case. The difference in the circumstances there is that there was a liability determination, and there was an issue there of unpaid invoices. There was a liability determination on those unpaid invoices, and the amount at issue there, there was an agreed-upon sum. So the arbitrator never needed to reach the issue of damages. So once that liability award was reached and included the determination that there was liability on the unpaid sums for which the parties agreed, the court was able to conclude that that was final and separate from the second award, which was unrelated to the unpaid invoices. And what I think is very helpful in understanding the distinction between all of the cases that are cited by the appellant is the court's decision in Hall-Steele. This is an Eastern District of Michigan case, which goes through and analyzes each of these decisions. And what the court says is that it's found a common thread among those usual resistance to piecemeal confirmation of a series of interim awards as each award is issued in an ongoing arbitration proceeding. And most often when the court does that, it determines that there is some sort of prejudgment remedy that's being sought. In some of the cases that we've seen cited, there is an issue where the party seeking confirmation has its right to an typical rule. But what I want to do is go back and address some of the questions that came up earlier, particularly the question about interest and the arbitrator's intent. And how we know here that the arbitrator's intent was not that there was a final quantum award each time there was an award of damages is that the arbitrator actually changed his mind in some of those decisions, and particularly as it relates to interest. So in award number four, as we talked about earlier, that was the award on costs. Award number five included an award of interest on award number four and award number five. So all of the issues that were addressed in award four and five, award five also included an award of interest. Then in award six, the arbitrator rethought what the arbitrator had concluded in award five on interest and revised his interest determination. Now, if awards four and five had been final at the time they were issued, he wouldn't have had the ability to go back and correct or amend or rethink what he had previously concluded on the issue of interest. And I think that is demonstrative, particularly of his intent. So the interest determinations, just maybe in a somewhat simple-minded way, are dependent upon the dollars of damage amounts in previous awards? Is the relationship really that simple? That's correct, Your Honor. That is accurate. And that's what was done in award number five and in award number six, all tied back to award number four. What is the indication that four was still open for revision? I think the fact that four addressed the costs of the works and award number five addresses all of the things that tie into that, meaning the soft costs that for simplicity's sake, there was no agreement among the parties to separate the issues or bifurcate the issues in a way that would have finality for purposes of either confirmation or a statute of limitations issue. I understand the argument. You're saying conceptually, if you can revise five, there's nothing about four that's different in principle that would suggest you couldn't revise four? That's exactly right, Your Honor. And if there had been an confirmable or final award, he wouldn't have had the power to do that. I think the other piece that is helpful in understanding what the party's intent was is the submission that the University of Notre Dame made on the issue of quantum that appears at the appendix at page 796. You can see through the submission related to the quantum award that the University of Notre Dame was seeking an award of all of the quantum issues, not segregable issues or separating them out in any bifurcated way. And the last thing I just want to note is that as a policy matter, this court has previously emphasized that the importance of the prerequisite of finality in an arbitration process, and that is what makes the arbitration process more expeditious in an alternative to traditional litigation. And what the court in the advantages that are inherent in an arbitration would be dissipated by interlocutory appeals. So if we've already heard that this was a particularly long arbitration process, but if there was a requirement that the University of Notre Dame come back to the district court every time one of these seven awards were issued, that certainly would have prolonged even further the arbitration process. The situation was quite different with respect to the issue that came before this court on the last appeal in this case, which was the issue where the parties had definitively decided to bifurcate the issues of liability and damages, and the issue here is very different than that. Here I guess you would say, yes, there is no evidence of that kind of definitive agreement between the parties that would treat the discrete issues within the arbitration in the way that they decided to determine the discrete issues of liability and damages. There is no analog with respect to damages. Is that correct? That's exactly correct, Your Honor. There is this language in award for, I think I'm quoting correctly, determinations herein are final quantum sums. Doesn't that language lend some support for what your opponent is arguing? I don't believe it does, and let me tell you why. So if you look back at award number three, award number three was the expert's preliminary decision, and what the expert did is he would issue preliminary decisions and he would solicit comments and feedback from the parties on his preliminary decision. So what he did here when he issued award number four is this was him saying, this is my final determination, but what he continues on to say is the final view here are for item one, and I think that's particularly important because item one, that was the costs of the works, and he is making it clear at this point that it is his final view on the cost of the works, but it is not a final quantum award in the sense that it has resolved all of the damages issues that flowed from the breach. I understand that I am out of time. I'm happy to answer any questions that the panel may have. Thank you. Thank you. That concludes argument in this case. Attorney Brianski and Attorney Benjamin, you should disconnect from the hearing at this time.